POTOMAC ELECTRIC POWER
COMPANY, Petitioner,

v.

INTERSTATE COMMERCE COMMIS-
SION and United States of
America, Respondents,

Consolidated Rail Corporation,
Intervenor.

No. 81–2375.

United States Court of Appeals,
District of Columbia Circuit.

Supplemental Opinion April 25, 1983.

Before ROBINSON, Chief Judge, TAMM, Circuit Judge, and J. EDWARD LUM-BARD,* Senior Circuit Judge for the Second Circuit.

ORDER

PER CURIAM.

For the reasons stated in the attached supplemental opinion and pursuant to our decision issued on March 1, 1983, and our order and supplemental opinion of March 31, 1983, 702 F.2d 1026, it is hereby

ORDERED by the court that respondent Interstate Commerce Commission shall render a decision on appellant Potomac Electric Power Company's appeal on or before 5:00 PM on August 1, 1983.

The Commission may move the court within two weeks of the close of the administrative record for an extension of the above deadline if it finds that compelling reasons require delaying a decision in the administrative appeal.

SUPPLEMENTAL OPINION

The parties have complied with our order of March 31, 1983, and have met with the Chief Staff Counsel of this court to present their respective positions on concluding the administrative appeal in Potomac Electric Power Company's ("PEPCO") rate complaint. Both PEPCO and Conrail have agreed to submit simultaneous filings of further evidence and arguments directed to the new coal rate guidelines announced in Ex Parte 347 (Sub-No. 1) by April 18, 1983. Simultaneous filings of rebuttal evidence

* Sitting by designation pursuant to 28 U.S.C. § 294(d).

will be made by May 2, 1983, when the evidentiary record in this appeal will be closed. Disagreement exists, however, concerning the amount of time the Interstate Commerce Commission ("Commission") should be allowed to render a decision on the appeal. PEPCO insists that the Commission should be given only until June 1, 1983, in which to decide the appeal. Conrail recommends that no deadline be set for the Commission's decision, but if one is to be imposed, then at least 90 days should be granted. The Commission maintains that it cannot be expected to set any deadline until it has had a chance to review the evidence and arguments submitted by the parties; once it has had the opportunity to review the submissions, it will then be able to adopt a self-imposed deadline for reaching a decision. In no event does the Commission want the court to impose a deadline for concluding the administrative appeal.

Given the protracted nature of this case, we are compelled to impose a deadline on the Commission. Any other response would vitiate our March 1 decision, since we have already determined that the Commission has taken an unreasonable amount of time to reach a decision on PEPCO's complaint. Because of the complexities introduced by the new rate standards in Ex Parte 347 (Sub-No. 1), however, we find PEPCO's recommended deadline to be too strict. Accordingly, we will adopt Conrail's recommended alternative and will order the Commission to decide the appeal by August 1, 1983. If the Commission finds that within two weeks after the close of the administrative record that compliance with our order will be extraordinarily difficult, it may move this court for an extension of time. We admonish the Commission, however, that we will extend the deadline only if the Commission presents the most compelling reasons for doing so; otherwise we are determined that PEPCO shall finally receive its long-awaited decision from the Commission.

*It is so ordered.*